# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK MINER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:15-CV-00967-M |
| | § | |
| STEVENS TRANSPORT, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand and Motion for Sanctions [Docket

Entry #6], filed on April 23, 2015.  For the reasons stated below, the Court **GRANTS** the Motion

to Remand and awards Plaintiff reasonable attorneys' fees and costs, but **DENIES** the Motion

for Sanctions.

## BACKGROUND

Plaintiff Patrick Miner ("Plaintiff") a truck driver employed by Defendant Stevens

Transport, Inc. ("Defendant"), brought suit in state court alleging that Defendant negligently

failed to train him and to keep his vehicle in a safe condition, resulting in his injuries.  Pursuant

to an arbitration agreement, the state court abated the litigation pending the outcome of

arbitration.  In preparation for the arbitration, Plaintiff deposed Defendant's Welfare Benefit Plan

Coordinator and Administrator.  Plaintiff's counsel asked various questions of the coordinator,

including who chose the physicians Plaintiff was to see under the Plan, how and why physicians

were selected under the Plan, and the purpose of meetings called by the Plan Administrator.  Dkt.

1 Exhibit B-19, pp. 4-8. Defendant claims these and similar questions related to Defendant's

Welfare Benefit Plan, which is governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and contends those questions would only be relevant if Plaintiff were pursuing an ERISA claim.  Before the arbitration proceedings had actually commenced, Defendant removed the case on grounds of federal question jurisdiction, arguing that Plaintiff's state law claim for negligence is preempted by ERISA.  On April 23, 2015, Plaintiff filed his Motion to Remand.

## MOTION TO REMAND

Typically, a defendant must file a notice of removal within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(a).  It is undisputed that Defendant did not meet that deadline.  However, since neither Plaintiff's Original nor First Amended Petition state anything that would have caused Defendant to ascertain that the case is removable, Defendant argues that the exception in 28 U.S.C. § 1446(b)(3) applies.  That exception provides that if the case stated in the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2015) (emphasis added).  Defendant argues that Plaintiff's filing of his deposition designations for use in the arbitration constituted "other paper" that, for the first time, allowed it to ascertain that the case was removable.

Usually, courts rely on the other paper language to establish the amount-in-controversy for diversity jurisdiction.  *Lukawski v. FlightSafety Texas, Inc.*, No. 3:09-CV-965-L, 2009 WL 2523808, at *2 (N.D. Tex. Aug. 17, 2009) (Lindsay, J.) (quoting *Eggert v. Britton*, 223 F. App'x.

394, 397 (5th Cir. 2007)).  Here, Defendant does not claim that Plaintiff's case is removable due

to diversity jurisdiction.  While the Fifth Circuit has noted that "[u]nder limited circumstances,

courts have looked to 'other paper' to establish federal question jurisdiction," *Eggert*, 223 F.

App'x. at 397, "the circumstances are limited to testimony that is used 'to clarify the nature of

the existing claim.'" *Lukawski*, 2009 WL 2523808, at *2 (quoting *Eggert*, 223 F. App'x. at 397).

Plaintiff's deposition designations, specifically the attorney's questions, do not serve to clarify

that the underlying nature of Plaintiff's claims arise under ERISA, and thus do not constitute

"other paper" under 28 U.S.C. § 1446(b)(3).  Defendant's removal is thus improper.

## MOTION FOR SANCTIONS AND ATTORNEYS' FEES

Plaintiff requests attorneys' fees under 28 U.S.C. § 1447(c) and sanctions against

Defendant's counsel under Rule 11 of the Federal Rules of Civil Procedure.  For the reasons

stated below, the Court will not sanction Defendant's counsel but **GRANTS** Plaintiff's request

for attorneys' fees.

When an attorney files a pleading or motion for an improper purpose, "such as to harass,

cause unnecessary delay, or needlessly increase the cost of litigation," the Court may sanction

the attorney.  Fed. R. Civ. P. 11.  However, "[a] motion for sanctions must be made separately

from any other motion." Fed. R. Civ. P. 11.  "As Defendant['s] request for sanctions was part of

[his] Motion for Remand, [he has] not properly moved for sanctions under Rule 11." *B & S

Welding LLC Work Related Injury Plan v. Oliva-Barron*, 2011 WL 93064, at *3 (N.D. Tex. Jan.

10, 2011) (Lynn, J.).  Additionally, the record does not establish that defense counsel acted for

an improper purpose.  Therefore, the Court denies Plaintiff's request for Rule 11 sanctions.

Under § 1447(c), the Court has discretion to award Plaintiff "just costs and any actual

expenses, including attorney fees, incurred as a result of the removal" if Defendant removed the

case without "objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2002).  "This standard is purely objective— the Court may award fees 'even if removal is made in subjective good faith.'"  *B & S Welding LLC Work Related Injury Plan v. Oliva-Barron*, 2011 WL 93064, at *3 (N.D. Tex. Jan. 10, 2011) (Lynn, J.) (quoting *Valdez*, 199 F.3d at 292).  The Court finds that Defendant lacked objectively reasonable grounds for believing that Plaintiff's deposition designations clarified that Plaintiff's claims arise under ERISA.  The Court thus **ORDERS** Defendant to pay Plaintiff his reasonable attorneys' fees and costs incurred as a result of removal.

## CONCLUSION

For these reasons, the Motion to Remand is **GRANTED** and Plaintiff is awarded his attorneys' fees and costs under 28 U.S.C. § 1447(c).  This case is **REMANDED** to arbitration conducted by the American Arbitration Association, as a result of the filing in Dallas County Court at Law No. 5.  However, this Court retains jurisdiction solely to determine the amount, and order payment, of Plaintiff's reasonable attorneys' fees and costs.  Plaintiff shall file an affidavit relating to the same by October 7, 2015.  Defendant may respond by October 21, 2015.  No reply will be permitted.

**SO ORDERED**.

September 17, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS